E-FILED
Monday, 22 March, 2021  03:32:00 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MICHAEL WYLLIE, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. |
| v. | ) ) ) | |
| FLANDERS CORPORATION, | ) ) ) | |
| Defendant. | ) ) | |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(a), 1332(d)(2), 1441, 1446(b), and 1453(b), Defendant Flanders Corporation, by its counsel, hereby provides notice of removal of this action from the Circuit Court of Sangamon County, Illinois, Twenty-First Judicial Circuit, to the United States District Court for the Central District of Illinois, Springfield Division.  In support of removal, Flanders Corporation respectfully states as follows:

### I.    PROCEDURAL HISTORY AND PLAINTIFF'S ALLEGATIONS.

1.    On February 10, 2021, Plaintiff Michael Wyllie ("Plaintiff") commenced this action by filing a putative Class Action Complaint ("Complaint") against Defendant Flanders Corporation ("Defendant") in the Circuit Court of Sangamon County, Illinois, Twenty-First Judicial Circuit.  Plaintiff's lawsuit is captioned as *Michael Wyllie v. Flanders Corporation*, Case No. 2021-L-000024 (Ill. Cir. Ct.) (the "State Court Action").  A true and correct copy of the Summons and Complaint is attached hereto as part of **Exhibit A**.[1]

---

[1] Included in Exhibit A is the proof of service form, the Summons and Complaint, and Plaintiff's Motion for Class Certification, which he filed on February 18, 2021.

2.      Defendant was served with the Summons and Complaint on February 19, 2021. *See* **Exhibit A** (notice of service of process).  Removal is therefore timely because Defendant files this notice on March 22, 2021—within 30 days of service of the Complaint and Summons under the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1446(b)(1); Fed. R. Civ. P. 6(a)(1)(C) ("When the period is stated in days … include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").[2]

3.      The Complaint alleges three counts claiming Defendant violated the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq*.  Count I alleges Defendant violated Section 15(a) of BIPA by failing to provide a publicly available retention schedule or guidelines for permanently destroying biometric identifiers or information (fingerprints), and by not developing such retention schedules or guidelines.  (Cplt. ¶¶ 82–83.)  Count II alleges Defendant violated Section 15(b) of BIPA by collecting, storing and using Plaintiff's biometric fingerprints and associated biometric information without first obtaining Plaintiff's written consent. (Cplt. ¶¶ 91–93.)  And Count III alleges Defendant violated Section 15(d) of BIPA by disclosing, redisclosing or otherwise disseminating Plaintiff's biometric identifiers and biometric information without first obtaining Plaintiff's written consent. (Cplt. ¶¶ 101–102.)

4.      Plaintiff was employed by Defendant at its manufacturing facility in Illinois from June 27, 2017 through April 19, 2018. (*See* Declaration of Leesa M. Jones dated March 22, 2021 ("Jones Decl."), attached hereto as **Exhibit B**, at ¶ 5.)  During the course of his employment at Defendant's Illinois facility, Plaintiff alleges he was required to "clock-in" and "clock-out" using

---

[2] The thirtieth calendar day after February 19, 2021 fell on March 21, 2021—a Sunday.  Therefore, the 30-day period for removal under Section 1446(b)(1) continues to run until today, March 22, 2021.

a timeclock that operated by scanning Plaintiff's fingerprint. (Cplt. ¶ 33.) Plaintiff also alleges he was required to scan at least one finger multiple times "so Defendant could create, collect, capture, construct, store, use, and/or obtain a biometric template for Plaintiff." (Cplt. ¶ 34.) Plaintiff alleges Defendant used his biometrics as an identification and authentication method to track his time worked, potentially with the help of a third-party vendor, and that Defendant stored his biometric data in its database. (Cplt. ¶¶ 35–36.) Plaintiff claims Defendant's collection and storage of his unique biometric identifiers or biometric information without his consent invaded his statutorily protected right to maintain control over his biometrics. (Cplt. ¶¶ 43–47.)

5.      Additionally, Plaintiff alleges Defendant has not publicly disclosed its retention schedule and guidelines for permanently destroying employees' biometrics, if they exist. (Cplt. ¶ 61.) He also alleges Defendant has no written policy, made available to the public, that discloses its retention schedule and/or guidelines for retaining and then permanently destroying biometric identifiers and information. (Cplt. ¶ 62.)

6.      Plaintiff seeks to represent a class defined as follows: "All persons who were enrolled in the biometric timekeeping system and subsequently used a biometric timeclock while employed/working for Defendant in Illinois during the applicable statutory period." (Cplt. ¶ 71.)

7.      Plaintiff's causes of action allege violations of Sections 15(a), 15(b)(1), 15(b)(2), 15(b)(3), and 15(d)(1) of BIPA. (Cplt. ¶¶ 76–103.) On behalf of himself and each member of the putative class, Plaintiff seeks the following relief: (1) declaratory relief finding that Defendant's actions violate BIPA; (2) statutory damages of $1,000 for each and every negligent violation or, alternatively, statutory damages of $5,000 for each and every violation of BIPA to the extent committed intentionally or recklessly; (3) injunctive relief in the form of an order requiring Defendant to collect, store, use, and disseminate biometric identifiers and/or biometric information

in compliance with BIPA; (4) reasonable attorneys' fees and costs; (5) pre-judgment and post-judgment interest; and (6) other and further relief as deemed just and appropriate. (Cplt., Prayer for Relief.)

8.      Two related, but independent, bases for removal exist here. First, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), because complete diversity exists and the amount in controversy for the named Plaintiff's claim exceeds $75,000. Second, this Court has original jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), because minimal diversity exists, there are more than 100 alleged class members, and the amount in controversy exceeds $5,000,000.

## II.   REMOVAL IS PROPER UNDER 28 U.S.C. § 1332(a) BECAUSE COMPLETE DIVERSITY EXISTS AND THE AMOUNT IN CONTROVERSY FOR PLAINTIFF'S INDIVIDUAL BIPA CLAIMS EXCEEDS $75,000.

9.      Under 28 U.S.C. § 1332(a)(1), "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."

10.     Here, complete diversity exists between the two named parties. In the Complaint, Plaintiff alleges that he is a citizen of Illinois. (Cplt. ¶ 1.) The Complaint further alleges that Defendant is a North Carolina corporation. (Cplt. ¶ 4.) Indeed, Defendant is a North Carolina corporation with its principal place of business located in Washington, North Carolina. (Jones Decl. ¶ 4.) For purposes of 28 U.S.C. § 1441, a corporation "shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Accordingly, Defendant is a citizen of North Carolina for purposes of diversity jurisdiction. Because the lone Defendant is not a citizen of the same State

as the lone Plaintiff, complete diversity exists under 28 U.S.C. § 1332(a)(1). *See, e.g.*, *Krueger v. Cartwright*, 996 F.2d 928, 931 (7th Cir. 1993) (explaining "the rule of complete diversity").

11.   Based on the Complaint's allegations, the amount in controversy also exceeds $75,000.  In determining whether the amount in controversy requirement is met pursuant to 28 U.S.C. § 1332(a), "at least one named plaintiff must satisfy the jurisdictional amount." *Clement v. Lau*, No. 03 C 6179, 2003 WL 22948671, at *2 (N.D. Ill. Dec. 10, 2003).  On the face of the Complaint, Plaintiff satisfies the $75,000 minimum threshold for his individual BIPA claims.

12.   Section 15(b) of BIPA makes it a violation to acquire biometric data without first providing employees with notice and obtaining their written consent.  Plaintiff alleges that when he "arrived for work, and when he left or clocked in or out of work, at all relevant times during his employment, Defendant required Plaintiff to submit his finger scan to the biometric timekeeping equipment." (Cplt. ¶ 57.)  The Declaration of Leesa M. Jones confirms that Plaintiff was employed by Defendant from June 27, 2017 through April 19, 2018. (Jones Decl. ¶ 5.)  Here, Plaintiff seeks a statutory penalty of $5,000 "for *each* intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2)." (Cplt., Prayer for Relief ¶ D (emphasis in original).)

13.   Treating each unauthorized scan of his fingerprint as a separate violation of Section 15(b), Plaintiff clearly satisfies the $75,000 amount-in-controversy requirement for his individual claims.  If Plaintiff scanned his fingerprint twice each workday, at $5,000 *per scan* (for each alleged intentional/reckless violation), he would have exceeded the $75,000 threshold before the end of his second full week of employment: *i.e.*, 2 scans/day x $5,000/scan x 8 workdays = $80,000.  And even if Defendant's alleged BIPA violations were only negligent, at $1,000 per scan, Plaintiff would have exceeded the $75,000 threshold after 38 workdays: *i.e.*, 2 scans per day x $1,000 per scan x 38 workdays = $76,000.  Given Plaintiff worked for Defendant from June 27,

2017 through April 19, 2018, he would have satisfied the $75,000 threshold for his individual BIPA claims within the first 2-3 months of his employment. Based on these calculations, he plausibly scanned his fingerprint enough times over the course of his almost ten (10) months of employment to meet the $75,000 threshold for his individual claims under 28 U.S.C. § 1332(a).

14. Indeed, Illinois federal district courts have found it plausible—for removal purposes—"that a new violation occurs each time an employer *acquires* an employee's biometric information, which presumably happens with each scan." *Fox v. Dakkota Integrated Sys., LLC*, No. 19 C 2872, 2020 WL 8409683, at *3 (N.D. Ill. Jan. 24, 2020) (finding removal proper in BIPA case seeking $5,000 in statutory damages for each alleged violation of BIPA because "[s]uch a plausible interpretation would entitle [plaintiff] to statutory damages on a per-scan basis"); *see also Peatry v. Bimbo Bakeries USA, Inc.*, 393 F. Supp. 3d 766, 769-70 (N.D. Ill. 2019) (same). As it is not legally impossible for Plaintiff to recover $5,000 per scan, Defendant has plausibly shown the amount in controversy exceeds the $75,000 threshold under 28 U.S.C. § 1332(a)(1).[3] *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) ("[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

## III. REMOVAL IS ALSO PROPER UNDER THE CLASS ACTION FAIRNESS ACT.

15. This case is also removable because this Court has original jurisdiction under the Class Action Fairness Act ("CAFA"). *See* 28 U.S.C. § 1332(d). CAFA provides federal district courts with original jurisdiction over class actions where: (1) any member of the proposed class is

---

[3] Defendant denies violating BIPA and further denies that a Section 15(b) violation occurs each every time a person scans his fingerprint to clock in and out of work. Nonetheless, because Plaintiff seeks to recover damages on a "per scan" basis based on the allegations contained in the Complaint, Plaintiff's allegations and requested relief must be accepted as true for purposes of determining whether Defendant satisfies the prerequisites for removal here.

a citizen of a state different from any defendant; (2) the proposed class consists of more than 100 members; and (3) the amount in controversy exceeds the sum or value of $5,000,000, aggregating all claims and exclusive of interests and costs. *See Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013) (citing 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B)).[4]  As a class action that satisfies these requirements, the State Court Action is removable under § 1446. *See* 28 U.S.C. § 1453(b). There is no presumption against removal in CAFA cases. *See Dart Cherokee Basin Operating Co.*, 574 U.S. at 89 (declining to decide whether a presumption against removal applies in "mine-run diversity cases" but "point[ing] out that no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court").

### A.    Minimal Diversity Exists Under CAFA.

16.    As discussed in Paragraph 10, *supra*, Plaintiff is a citizen of Illinois, and Defendant is a citizen of North Carolina for removal purposes.  The Complaint defines the proposed class as comprising "[a]ll persons who were enrolled in the biometric timekeeping system and subsequently used a biometric timeclock while employed/working for Defendant ***in Illinois*** during the applicable statutory period." (Cplt. ¶ 71 (emphasis added).)  Therefore, minimal diversity exists under CAFA because one or more members of the proposed class are citizens of a State different from Defendant. *See* 28 U.S.C. § 1332(d)(2)(A).

### B.    Defendant's Declaration Confirms There Are More Than 100 Putative Class Members.

17.    CAFA's 100-class member threshold is also satisfied here.  As stated in the attached Declaration, since September 2016 until the Present, approximately 2,372 employees have worked

---

[4] This action was brought pursuant to 735 ILCS 5/2-801 and thus satisfies the definition of "class action" under CAFA, which includes "any civil action filed under Federal Rule of Civil Procedure 23, or similar State statute or rule of judicial procedure." *See* 28 U.S.C. § 1332(d)(1)(B); (Cplt. ¶ 71.)

at Defendant's Illinois facilities and provided their biometric identifiers or biometric information (*i.e.*, fingerprints) to Defendant for timekeeping purposes. (Jones Decl. ¶ 7.)

18.     Based on the information in Defendant's supporting Declaration, the proposed class plausibly comprises more than 100 members and thereby satisfies CAFA's numerosity requirement. *See* 28 U.S.C. § 1332(d)(5)(B).

**C.     The Amount In Controversy For the Class's Claims Exceeds $5 Million.**

19.     Finally, the amount in controversy for the alleged class claims exceeds $5,000,000. The amount in controversy under CAFA is satisfied if "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2).  In determining the amount in controversy, CAFA requires that "the claims of the individual class members shall be aggregated." 28 U.S.C. § 1332(d)(6).

20.     BIPA allows for recovery of statutory damages of $1,000 for each negligent violation, and $5,000 for each intentional or reckless violation. *See* 740 ILCS 14/20.  In the Complaint, Plaintiff alleges Defendant violated five distinct subsections of BIPA with respect to Plaintiff and members of the proposed class—Sections 15(a), 15(b)(1), 15(b)(2), 15(b)(3), and 15(d)(1).  (*See* Cplt. ¶¶ 82, 91–92, 101.)  Approximately 2,372 employees have worked at Defendant's Illinois facility and provided their biometric identifiers or biometric information (*i.e.*, fingerprints) to Defendant for timekeeping purposes. (Jones Decl. ¶ 7.)  Finally, the complaint seeks $1,000 in statutory damages for all negligent BIPA violations; or, in the alternative, $5,000 in statutory damages for all reckless or intentional BIPA violations.  (Cplt., Prayer for Relief ¶ D.)

21.     Based on these allegations, the Complaint plausibly exceeds the $5,000,000 amount-in-controversy threshold under CAFA.  Given that Plaintiff's *individual* claims exceed the $75,000 threshold, the aggregated claims of 2,372 class members is likely much more than

$5,000,000.  As discussed in the preceding section, Illinois courts have held that a defendant may be subject to BIPA liability on a "per-scan" basis, which means a violation would occur every time a plaintiff scans his fingerprint without consent. *See, e.g.*, *Peatry*, 393 F. Supp. 3d at 769-70 (denying plaintiff's motion to remand BIPA action and finding employer "plausibly alleged the requisite amount in controversy for [former employee] both individually under § 1332(a) and on a class-wide basis under CAFA"); *Cothron v. White Castle Sys., Inc.*, 477 F. Supp. 3d 723, 733 (N.D. Ill. 2020) ("[A]s for the intervening years, the only possible conclusion is that [defendant] violated Section 15(b) repeatedly when it collected her biometric data without first having obtained her informed consent.").[5]  Based on the per-scan theory of liability, the amount in controversy would easily meet the $5,000,000 threshold if Plaintiff and 2,372 class members could each recover $1,000 for every alleged BIPA violation.

22.     But the Court does not necessarily have to rely on the per-scan theory of liability to find the Complaint satisfies the $5,000,000 threshold, because the proposed class encompasses 2,372 class members.  Thus, even if each of the 2,372 class members could only recover once for an alleged violation of five distinct subsections of BIPA, the aggregated amount of statutory damages recoverable for alleged <u>negligent</u> violations (at $1,000 per violation) still surpasses $5,000,000 in controversy: *i.e.*, 2,372 class members x five BIPA violations x $1,000/violation = $11,860,000.  Further, if each of the 2,372 class members could only recover once for an alleged violation of five distinct subsections of BIPA, the aggregated amount of statutory damages recoverable for alleged <u>intentional or reckless</u> violations (at $5,000 per violation) far surpasses $5,000,000 in controversy: *i.e.*, 2,372 class members x five BIPA violations x $5,000/violation =

---

[5]  While *Cothron*, as a district court decision, is not controlling on the question of whether a BIPA plaintiff may recover statutory damages on a "per scan" basis, *Cothron* nevertheless shows the per-scan theory should still be considered for purposes of removal in BIPA actions.

$59,300,000.  As required by 28 U.S.C. § 1332(d)(2), the amount in controversy for the aggregated class members' claims in this class action plausibly exceeds $5,000,000. *See also Bloomberg v. Service Corp. Int'l*, 639 F.3d 761, 764 (7th Cir. 2011) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000 . . . the case belongs in federal court *unless it is legally impossible for the plaintiff to recover that much*.") (emphasis added).

## IV.   VENUE IS PROPER IN THE CENTRAL DISTRICT OF ILLINOIS.

23.    The United States District Court for the Central District of Illinois, Springfield Division is the appropriate venue for removal of the State Court Action.  Under 28 U.S.C. § 1441, a civil action brought in any state court in which the district courts of the United States have original jurisdiction are to be removed to the district court for the district and division embracing the place where the state court action is pending.  The State Court Action was filed in Sangamon County, Illinois, which is located within this judicial district and division. *See* 28 U.S.C. § 93(b).

24.    As required by 28 U.S.C. §1446(a), the Complaint, Summons and all other "process, pleadings, and orders" served to date on Defendant are attached hereto.

25.    As required by 28 U.S.C. §1446(d), written notice of this Notice of Removal will be sent promptly to Plaintiff's counsel by email and U.S. Mail, and promptly filed with the Clerk of the Circuit Court of Sangamon County, Twenty-First Judicial Circuit.

26.    By filing this Notice of Removal, Defendant does not waive any defenses to the claim Plaintiff asserts on behalf of herself and the putative class, including that Defendant did not violate BIPA and that class certification is inappropriate.

**WHEREFORE**, Defendant Flanders Corporation hereby removes Case Number 21-L-000024 pending in the Circuit Court of Sangamon County, Illinois, Twenty-First Judicial Circuit, to the United States District Court for the Central District of Illinois, Springfield Division.

Dated:  March 22, 2021               Respectfully submitted,

FLANDERS CORPORATION

By:  */s/ David M. Poell*
        One of Its Attorneys

David M. Poell, Esq. (ARDC #6302765)
Sheppard Mullin Richter & Hampton LLP
70 West Madison Street, 48th Floor
Chicago, IL 60602
Tel.:  (312) 499-6300
Fax:  (312) 499-6301
dpoell@sheppardmullin.com

Kari M. Rollins, Esq. (ARDC # 6287218)
Sheppard Mullin Richter & Hampton LLP
30 Rockefeller Plaza
New York, NY 10112
Tel.:  (212) 634-8700
Fax:  (212) 634-8701
krollins@sheppardmullin.com

*Attorneys for Flanders Corporation*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that, on March 22, 2021, the foregoing document was filed via the CM/ECF filing service for the Central District of Illinois, and Defendants' counsel has separately served a copy of the foregoing document (and all exhibits thereto) on the following counsel of record via email and U.S. mail:

Brendan M. Wise
Paul A. Lesko
**Peiffer Wolf Carr Kane & Conway, APLC**
818 Lafayette Ave., Floor 2
St. Louis, MO 63104
bwise@peifferwolf.com
plesko@peifferwolf.com

*Counsel for Plaintiff*

/s/ *David M. Poell*
David M. Poell