# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| MICHAEL WYLLIE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 21-cv-3078 |
| FLANDERS CORPORATION, | ) ) ) |
| Defendant. | ) |

## OPINION

This matter comes before the Court on Defendant Flanders Corporation's (Flanders) Motion to Stay (d/e 6) (Motion to Stay). For the reasons set forth below, the Motion to Stay is ALLOWED in part. The Court will stay this matter for 90 days until August 23, 2021.

## BACKGROUND

Plaintiff Michael Wyllie brings this action against his former employer Flanders for violations of the Illinois Biometric Information Privacy Act (BIPA). 740 ILCS 14/1, et seq. Wyllie filed the action in Sangamon County, Illinois, Circuit Court. Flanders removed the action to this Court. Notice of Removal (d/e 1). Wyllie alleges that Flanders required Wyllie to provide Flanders with his fingerprints because Flanders required employees to use their fingerprints to clock in and out of work. See Notice of Removal, attached, Class Action Complaint, ¶¶ 33-70. Wyllie alleges

Flanders thereby violated BIPA by failing to create written policies, make them publicly available, establish a retention schedule and destruction guidelines for retained biometric information (Count I); failing to provide required notices to Wyllie and securing his written consent before capturing his fingerprints (Count II); disseminating Wyllie's fingerprints without his consent (Count III).  Wyllie brings the action on behalf of himself and the other employees of Flanders in Illinois.  Wyllie seeks declaratory, injunctive, and monetary relief.  Wyllie seeks $1,000 in statutory damages for each negligent violation of BIPA and $5,000 for each intentional or reckless violation, plus prejudgment interest.  Wyllie does not seek any compensatory damages.  <u>Class Action Complaint</u>, <u>Prayer for Relief</u>.

Flanders filed a Motion to Dismiss (d/e 4) and argued that Wyllie fails to state a claim and, alternatively, that Wyllie's claims are preempted by the Illinois Workers' Compensation Act (IWCA), 820 ILCS 305/1.  <u>See Memorandum of Law in Support of Flanders Corporation's Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (d/e 5)</u>.

Flanders now asks the Court to stay the proceedings and wait for decisions in four appeals now pending:  <u>Cothron v White Castle System, Inc.</u>, Case No. 20-3202 pending before the Seventh Circuit Court of Appeals; <u>Tims v. Black Horse Carriers, Inc.</u>, Case No. 1-20-0562, pending

before the Illinois Appellate Court for the First District; Marion v. Ring Container Techs., LLC, No. 3-20-0184, pending before the Illinois Appellate Court for the Third District; and McDonald v. Symphony Bronzeville Park, LLC, No. 126511, pending before the Illinois Supreme Court. The Cothron case is considering whether a cause of action under BIPA accrues when the defendant first captures the biometric information, or whether a new cause of action accrues every time a person used such biometric information, such as each time an employee used his fingerprint to clock in or out. The Tims and Marion cases address which statute of limitations applies. The McDonald case addresses whether the IWCA preempts employees' claims against employers under BIPA. Wyllie opposes the proposed stay.

ANALYSIS

The Court has broad discretion in deciding whether to stay proceedings. United States Securities and Exchange Commission v. Glick, 2019 WL 78958 at *5 (N.D. Ill. Jan. 2, 2019). The relevant factors in considering whether to stay an action are: "(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the

court." Markel American Ins. Co. v. Dolan, 787 F.Supp.2d 776, 779 (N.D. Ill. May 11, 2011); see Mintun v. Kenco Logistics Services LLC, 2020 WL 1700328, at *1 (C.D. Ill. April 7, 2020).

Wyllie urges the Court to apply the standard for stays pending appeal in this case. Plaintiff's Opposition to Defendant's Motion to Stay Proceedings (d/e 13) (Opposition), at 4. The Court disagrees. A stay pending appeal stays a proceeding while a party in that proceeding seeks to challenge a lower court decision in that proceeding. The standard for a stay pending appeal tracks the standard for a preliminary injunction because such a stay effectively enjoins the effect of lower court's decision. See In re A& F Enterprises, Inc. II, 742 F.3d 763, 766 (7th Cir. 2014). In this case, Flanders does not seek to stay an adverse decision in this case. The question here is how to manage the course of this case. The standard for stays pending appeal does not apply. The Court addresses the appropriateness of a stay pending the outcome of the McDonald, Tims, Marion, and Cothron cases as follows.

### McDonald

In McDonald, The Illinois Supreme Court will address whether the IWCA preempts BIPA actions by employees against employers. The Illinois Appellate Court, lower Illinois courts, and federal district courts have

consistently found that the IWCA does not preempt claims for statutory damages. See, McDonald v. Symphony Bronzeville Park, 2020 IL App (1st) 192398 ¶ 27, 2020 WL 5592607, at *8 (Ill. App. Ct. 1st Dist. September 18, 2020); Herron v. Gold Standard Baking, Inc., 2021 WL 1340804, at *2 (N.D. Ill. April 9, 2021); Mintun, 2020 W 1700328, at *2; Opposition, at 5 n.4 (collecting Illinois trial court decision on IWCA preemption). The Illinois Appellate Court decision in McDonald is currently authoritative and controlling on this issue. See Nationwide Agribusiness Ins. Co. v. Dugan, 810 F.3d 446, 450 (7th Cir. 2015) ("Where the Illinois Supreme Court has not ruled on an issue, decisions of the Illinois Appellate Courts control, unless there are persuasive indications that the Illinois Supreme Court would decide the issue differently.").

The Illinois Supreme Court could disagree with these courts and find an IWCA preemption. If so, this matter would be resolved. Such an outcome is unlikely given authoritative decision from the Illinois Appellate Court and the persuasive authority from the other Illinois courts and federal district courts. See Herron, 2021 WL 1340804, at *2; Mintun, 2020 WL 1700328, at *2. Under these circumstances the Court finds that a stay to wait for a decision in McDonald is not likely to simplify the issues,

streamline the trial, or reduce the burden of litigation on the parties. The Court will not grant a stay to wait for a decision in McDonald.

Tims and Marion

The Tims and Marion decisions could also materially affect this case by determining the appropriate statute of limitations. The applicable statute of limitations could also affect whether Wyllie has a claim, depending on when he worked for Flanders. The Complaint does not allege his dates of employment. See Complaint, ¶¶ 1, 33-70. The five-year catchall statute would also include more employees in the potential class than the one-year rights to privacy statute. The size of the class could materially affect the scope of discovery. Knowing whether Wyllie's claim is barred and knowing the scope of the possible class claims would simplify issues and streamline the trial. Greater certainty about Wyllie's claim and the scope of the possible class would also reduce the burden of litigation on the parties.

No Illinois Appellate Court has decided the appropriate statute of limitations for BIPA claims. The Tims and Marion decisions, therefore, could be controlling if the two courts agree on the correct statute of limitations for BIPA. Nationwide Agribusiness Ins. Co., 810 F.3d at 450 (7th Cir. 2015). An authoritative decision from the Tims and Marion courts

could provide clarity that could simplify the issues, streamline the trial, and reduce the burden of litigation on the parties.  See Id., at *4.

Wyllie again argues that a stay is not necessary because the lower courts have found that the five-year catchall statute applies.  See Bryant v. Compass Group USA, Inc., 2020 WL 7013963, at *1 (N.D. Ill. 2020); Opposition, at 6 (citing Meegan v. NFI Indus., Inc., 2020 WL 3000281, at *4 (N.D. Ill. June 4, 2020); and Burlinski v. Top Golf USA Inc., 2020 WL 5253150, at *8 (N.D. Ill. Sept. 3, 2020); Robertson v. Hostmark Hospitality Group, Inc., 2019 WL 8640568, at *4 (Ill. Cir. Ct. July 31, 2019).  Unlike the IWCA preemption issue, no Illinois Appellate Court has issued a decision on the applicable statute of limitations in BIPA cases.  In light of the lack of an Illinois Appellate Court decision, the Court concludes that a stay is appropriate.  See Herron, 2021 WL 1340804, at *3; Roberson v. Maestro Consulting Services LLC, 2021 WL 1017127, at *2 (S.D. Ill. March 17, 2021); Varnado v. West Liberty Foods, 2021 WL 545628, at *1 (N.D. Ill. 2021 January 5, 2021); but see Quarles v. Pret A Manger (USA) Limited, 2021 WL 1614518, at *4 (N.D. Ill. April 26, 2021) (denying a stay based on the pendency of Illinois Appellate Court cases on the issues.).  Further, the potential delay from waiting for a decision in Tims, at least, may be minimal

because the case was fully briefed by the time the Varnado decision was issued in January 2021.  See Varnado, 2021 WL 545628, at *2.

### Cothron

The Cothron decision could also materially affect whether Wyllie's cause of action accrued.  If the Seventh Circuit determines that a BIPA cause of action accrues once when a defendant initially collected biometric data, then the statute of limitations in this case ran from the day Wyllie allegedly first provided his fingerprint to Flanders when he started work.  If the Seventh Circuit determines that a new violation occurs every time an employee clocks in or out with a fingerprint, then Wyllie accrued a new cause of action each day he worked at Flanders.  Wyllie's claim would not be entirely barred as long as his last day of work was within the statute.

The Cothron decision could also materially affect the scope of the possible class claims.  If the cause accrued only once when the employee first provided his or her fingerprint, then the class would be limited to persons hired within the statute of limitations.  If a new cause accrued every time the employee clocked in or out, then the class could include every person who worked for Flanders during the limitations period, even employees hired before the limitations period.  The scope of the possible class will materially affect the size of the class, the scope of discovery on

class claims, and the trial of class claims.   In light of these considerations, staying the matter until a decision in <u>Cothron</u> will provide clarity that will simplify the issues, streamline the trial, and reduce the burden of litigation on the parties.  <u>See</u> <u>Herron</u>, 2021 WL 1340804 at *5; <u>Roberson</u>, 2021 WL 1017127 at *2.

Wyllie argues that a stay will prejudice him and members of the class because Flanders continues to retain his biometric information and are at risk:

> If this lawsuit is stayed Plaintiff and the proposed Class will continue to have a Sword of Damocles hanging over their heads as a result of Defendant's unauthorized and unlawful data collection, waiting for their data to be either mis-used by Defendant or any third-party Defendant who chose to distribute their Biometrics too; or worse yet for a malicious actor to steal their Biometric data because there are no known data security measures in place.

<u>Opposition</u>, at 7-8.  Wyllie also notes that BIPA expressly discusses the risk to individuals from identity theft if biometric information is stolen.  <u>Id.</u> at 8, citing 740 ILCS 14/5(c).  Wyllie's concern in this case is speculative at best.  Wyllie does not ask for any compensatory damages for Flanders' alleged collection, retention, and dissemination of his fingerprint.  Wyllie only asks for statutory damages.  <u>Complaint</u>, <u>Prayer for Relief</u>.  Given the lack of any claim for compensatory relief, Wyllie's speculation is not sufficient to outweigh the benefits to the stay to further this litigation.

The Court will only stay the matter for 90 days at this time.  The parties will file a status report shortly before the end of the stay to notify the court the status of the appeals in the Tims, Marion, and Cothron cases and to address their positions at that time on whether the stay should be continued.

THEREFORE, IT IS ORDERED that Defendant Flanders Corporation's Motion to Stay (d/e 6) is ALLOWED.  This matter is stayed until August 23, 2021.  The parties are directed to inform the Court when decisions are entered in the Tims, Marion, and Cothron cases.  The parties are also directed to file a status report by August 13, 2021, informing the Court of the status of the Tims, Marion, and Cothron cases and the parties' positions on the appropriateness of continuing the stay.

ENTER:   May 28, 2021

*s/ Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE