IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MICHAEL WYLLIE, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, <br><br> *Plaintiff*, <br><br> v. <br><br> FLANDERS CORPORATION, <br><br> *Defendant*. | Case No: 3:21-cv-03078-SEM-TSH <br><br> Honorable Judge Sue E. Myerscough <br><br> Hon. Mag. Tom Schanzle-Haskins |

**PLAINTIFF'S MOTION TO LIFT STAY**

Plaintiff Michael Wyllie ("Plaintiff"), by and through his counsel, respectfully move this court to lift the stay entered by the Court's May 28, 2021 Order. In support of this Motion, Plaintiff states as follows:

**BACKGROUND**

Plaintiff Michael Wyllie filed his lawsuit in the Circuit Court of Sangamon County, Illinois on February 10, 2021. In his Complaint, Mr. Wyllie alleged that Defendant utilized biometric timekeeping devices at its location in Illinois and required its employees to use the devices when clocking into and out of work – and did so in violation of the Illinois Biometric Information Privacy Act ("BIPA"), as codified at 740 Ill. Comp. Stat. § 14/1 *et seq*. Mr. Wyllie alleged that Defendant failed to comply with BIPA by: (1) failing to provide written notice it would be capturing, collecting, storing, using, and disseminating biometric data, as defined under the statute, before doing so; (2) failing to obtain written releases authorizing the capturing, collecting, storing, using, and disseminating biometric data, from Plaintiff and subjects of the collection, before doing so; (3) failing to provide written notice to Plaintiff and subjects of the collection about the specific purpose and length of time which biometric data

would be retained; and (4) failing to publish a publicly available retention schedule and guidelines for permanently destroying biometric data.

On March 22, 2021, Defendant filed its Notice of Removal, based on, *inter alia*, the Class Action Fairness Act, bringing this case before this Court. In support of removal, Defendant filed the Declaration of Leesa M. Jones, which identified a putative class size of at least 2,372. [ECF 1-2 at ¶ 7]. On April 12, 2021, Defendant filed a Motion to Dismiss, arguing that Wyllie fails to state a claim, and, alternatively, that his claims are preempted by the Illinois Workers' Compensation Act (IWCA), 820 ILCS 305/1. The Defendant then asked the Court to stay the proceedings and wait for decisions in four appeals now pending: *Cothron v White Castle System, Inc.*, Case No. 20-3202 pending before the Seventh Circuit Court of Appeals; *Marion v. Ring Container Techs., LLC*, No. 3-20-0184, pending before the Illinois Appellate Court for the Third District; *McDonald v. Symphony Bronzeville Park, LLC*, No. 126511, pending before the Illinois Supreme Court; and *Tims v. Black Horse Carriers, Inc.*, Case No. 1-20-0562.[1]

On June 8, 2021, this Court ruled to stay this case pending the decisions in *Tims*, *Marion*, and *Cothron* because there was no binding appellate caselaw on the issue of the applicable statute of limitations and directed the parties to inform the Court when decisions are entered in those cases. On September 17, 2021, the Illinois Appellate Court for the First District entered a final decision in *Tims*, which now makes a stay based on statute of limitations arguments similar to a stay based on the

---

[1] Specifically, that the Illinois Supreme Court's decision in *McDonald v. Symphony Bronzeville Park, LLC*, No. 126511 would decide if BIPA claims are barred by the Exclusivity Provisions of the Illinois Workers' Compensation Act; that a decision in *Tims v. Black Horse Carriers, Inc.*, 1st Dist. Case No. 1-20-0563 and/or *Marion v. Ring Container Technologies, LLC*, No. 3-20-0184 would clarify whether a one, two, or five-year statute of limitations applies to BIPA; and, that a decision by the Seventh Circuit in *Cothron v. White Castle System, Inc.*, No. 20-3202, would address accrual of BIPA claims.

potential workers' compensation preemption – unnecessary and in contravention to binding Illinois caselaw.

## STANDARDS FOR DECISION

A district court has the inherent power to control their own dockets, including the power to stay or lift a stay of proceedings before them. See *Clinton v. Jones*, 520 U.S. 681, 706 -707 (1997). "The power to stay proceedings [or lift a stay of proceedings] is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Radio Corp. of Am. v. Igoe*, 217 F.2d 218, 220 (7th Cir. 1954). In deciding whether to stay, or continue a stay, courts should consider: "(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *Pfizer, Inc. v. Apotex, Inc.*, 640 F. Supp. 2d 1006, 1007 (June 12, 2009, N.D. Ill.) (considering whether to enter a stay in a patent infringement action).

## ARGUMENT

The Court should lift the stay in this matter given the recent ruling in *Tims v. Black Horse Carriers, Inc.*, No. 1-20-0563 (Sept. 17, 2021) (attached as Exhibit A). Continuing to hold this case in abeyance will only delay Plaintiff's day in court without simplifying the issues at bar or reducing the burden on litigants before or during trial. Notably, this Court refused to stay the case pending a decision by the Illinois Supreme Court, finding that because there was appellate guidance (the First District *McDonald* opinion) which is binding Illinois law. However, the Court stayed the case based in part on the *Tims* appeal, which would determine the appropriate statute of limitations, including whether Wyllie, and the putative class would have a claim, depending on when they worked for Flanders.

Now, the Illinois Appellate Court for the First District has decided *Tims,* including finding that section 13-201 of the Code of Civil Procedure governs section 15(c) and (d) of the Act (*i.e.,* 1-year statute of limitations), and section 13-205 governs actions under section 15(a), (b), and (e) of the act (i.e., 5-year statute of limitations). 740 ILCS 14/15. As such, binding Illinois appellate caselaw confirms that Plaintiff's § 15(a) and § 15(b) claims are governed by a five-year statute of limitations, and Defendant's own declaration confirms that Plaintiff worked within this limitations period.

### A. Binding Illinois Caselaw Makes Clear that Plaintiff's Claims are Subject to a Five-Year Statute of Limitations Period.

While the Court's decision in *Tims* has limited some BIPA claims to one-year (e.g., § 15(c) and § 15(d)), the claims in this case governed by sections 15(a), (b) fall under the five-year limitations period. Section 13-201, the one-year limitation statute, encompasses actions only where publication is an element or inherent part of the action. *Benitez v. KFC National Management Co.,* 305 Ill. App. 3d 1027, 1037 (1099). The Court in *Tims* held that BIPA contains various duties upon which an action may be brought, but none of the actions brought under section 15(a), (b), and/or (e) have an element of privacy or dissemination. *Tims,* 2021 IL App (1st) 200563, ¶ ¶ 30, 31. This means that any actions under those sections fall under section 13-205, and thus carry a five-year statute of limitations. While *Tims* did limit the statute of limitations for claims under 15(c) and (d) to those governed by 13-201 (one year), this only impacts Defendant's total liability, not the overall claims of the Plaintiff. This is because, in addition to holding that a five-year statute of limitations governs the majority of BIPA claims, the *Tims* court also explained:

> Turning to the Act, section 15 imposes various duties upon which an aggrieved person may bring an action under section 20. Though all relate to protecting biometric data, each duty is separate and distinct. A private entity could violate one of the duties while adhering to the others, and an aggrieved person would have a cause of action for violation of that duty. Moreover, as section 20 provides that a "prevailing party may recover for each violation" (740 ILCS 14/20 (West 2018)), a plaintiff who alleges and eventually proves violation of multiple duties could **collect multiple recoveries of liquidated damages**. *Id.* § 20(1), (2).

4

*Id.* at ¶ 30 (emphasis added).

As this Court stated, "an authoritative decision from the *Tims* or *Marion* courts could provide clarity that could simplify the issues, streamline the trial, and reduce the burden of litigation on the parties." [ECF No. 18 at pp. 6-7]. This Court ruled to stay this case pending those decisions in an Illinois Appellate Court, but given the binding decision now reached in *Tims*, the stay is no longer necessary because there is binding Illinois precedent – the same reason the Court denied Defendant's motion to stay based on *McDonald*. Accordingly, with *Tims* now in hand, the Court should lift the stay.

### B. The Harm Caused by Further Delay in Waiting on *Cothron* is Not Likely to Streamline the Litigation.

Plaintiff understands that Defendant may argue that the Court should keep the stay in place until the Seventh Circuit issues a decision in *Cothron*. However, with *Tims* confirming a five-year statute of limitations for most BIPA claims, the time for accrual is much less important in determining the class size here. Depending on the outcome of that case, the class would be limited to those that first had their biometrics taken by the defendant within the five-year statutory period, *i.e.*, anyone whose first scan was on or after February 10, 2016. Given that Defendant supported its removal papers with a declaration claiming that "between September 9, 2016 and the date of this Declaration, approximately **2,372 individuals have been employed at Flanders' Illinois facilities** and use their fingerprint scans for timekeeping purposes…" it strains credulity to argue that a putative class from February 2016 through the present would not meet the 40-person numerosity threshold. *Compare, Berardi v. City of Pekin, Illinois*, No. 1:18-CV-01438, 2021 WL 1535409, at *9 (C.D. Ill. Apr. 19, 2021) ("In the Seventh Circuit, 'a forty-member class is often regarded as sufficient to meet the numerosity requirement…'") (citation omitted) and *King v. State Farm Mut. Auto. Ins. Co.*, No. 1:19-CV-1120-JES-TSH, 2020 WL 4784733, at *3 (C.D. Ill. Aug. 18, 2020) ("While there is no magic

5

number that applies to every case, a forty-member class if often regarded as sufficient to meet the numerosity requirement.") (internal quotation marks omitted) *with* [ECF 1-2 at ¶ 7] (emphasis added).

The final decision in *Cothron* would change neither the viability of claims asserted by Plaintiff nor whether numerosity will be satisfied here. In essence, waiting for *Cothron* provides nothing to streamline this litigation.

## CONCLUSION

The Court should grant this Motion to Lift the Stay given that Illinois precedent has been set by *Tims*. Further, holding this lawsuit in continued abeyance will only delay these proceedings without significantly simplifying the issues at bar or reducing the burden on the litigants before or during trial. As such, Plaintiff requests that this motion be granted.

Dated: October 19, 2021

Respectfully Submitted:

By: */s/ Brandon M. Wise*
Brandon M. Wise – IL Bar # 6319580
Paul A. Lesko – IL Bar # 6288806
Adam Florek – IL Bar # 6320615
**PEIFFER WOLF CARR KANE & CONWAY, LLP**
818 Lafayette Ave., Floor 2
St. Louis, MO 63104
Ph: 314-833-4825
Email: bwise@peifferwolf.com
Email: plesko@peifferwolf.com
Email: aflorek@peifferwolf.com

COUNSEL FOR THE PLAINTIFF AND THE PUTATIVE CLASS

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing motion with the Clerk of the U.S. District Court for the Central District of Illinois through the Court's CM/ECF system such that it will be served electronically on all parties and counsel of record on October 19, 2021.

*/s/ Brandon M. Wise*